ACOSTA *v.* STATE.

No. 39379 December 13, 1954 76 So. 2d 211

*John Sekul,* Biloxi, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

LEE, J.

A. L. Acosta, in the Circuit Court of Harrison County, was convicted of embezzlement; and from such conviction and a sentence of $300.00 and costs, he appealed.

The indictment was evidently drawn under Section 2120, Code of 1942. Omitting the legal verbiage, it, in effect, charged that A. L. Acosta and Milton M. Fulton, partners, doing business as National Reclamation Bureau, collected $106.30 on accounts due by several parties to Harold D. Conn and Lucian D. Conn, partners, and did fraudulently and feloniously embezzle and convert the same to their own use, and failed and refused to pay it over unto the Conns, although the same had been legally demanded of them.

A careful analysis of the evidence for the State discloses that H. D. Conn, for Conn Brothers, a partnership, through T. M. Harlan, turned over to A. L. Acosta for National Reclamation Bureau, a partnership composed of himself and Milton Fulton, past due accounts in the sum of $2,364.11 for collection on a percentage basis. The State did not offer any debtors of Conn Brothers to show that they had made payments on their accounts to Acosta or the National Reclamation Bureau. The only evidence which tended to show that he or the Bureau received any money on the accounts of Conn Brothers was the statement by H. D. Conn that he called the office of the Bureau over the telephone, and someone whose identity he did not know, in the office, told him that $126.10 had been collected. He had never been in the office, knew no one who worked there, and had never seen Acosta until the day of the trial. Objection to the introduction of this evidence was overruled. Obviously it should have been sustained. When it is eliminated, there is no proof whatever that Acosta or the National Reclamation Bureau received any money on the accounts of Conn Brothers. Until Acosta or the Bureau collected something on the accounts, they were under no duty to pay anything to Conn Brothers.

The proof was insufficient to sustain the charge. Appellant's requested peremptory instruction should have been sustained. Consequently the judgment of the trial court is reversed, and a judgment will be entered here, discharging appellant.

Reversed and appellant discharged.

*McGehee, C. J.,* and *Holmes, Arrington* and *Ethridge, JJ.,* concur.